1    Frank E. Schimaneck, Esq. (SBN 73912)
Susan E. Foe, Esq. (SBN 148730)
2    DRYDEN, MARGOLES, SCHIMANECK & WERTZ
A Law Corporation
3    505 Sansome Street, Sixth Floor
San Francisco, California 94111
4    Telephone: (415) 362-6715
Facsimile: (415) 362-0638
5    Email: feschimaneck@drydenlaw.com;
        sefoe@drydenlaw.com
6

7    Attorneys for Defendant
JLG INDUSTRIES, INC.

8

9                  UNITED STATE DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    (San Francisco Division)

| | | |
|---|---|---|
| 12   ABDALLA BAKER, | ) | USDC Action No. CV-08-2457-JCS |
| 13          Plaintiff, | ) | *[Alameda Superior No. RG08380408]* |
| 14   v. | ) | **NOTICE OF ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE & SERVICE OF RELATED DOCUMENTS ISSUED BY COURT** |
| 15   JLG INDUSTRIES, INC.; ROBERT BOSCH TOOL CORPORATION; SKIL; and DOES 1 TO 20, | ) | |
| 16 | ) | |
| 17 | ) | |
| 18       Defendants. | ) | |

19   TO:     All Parties and to Their Attorneys of Record

20        **PLEASE TAKE NOTICE** that pursuant to the Notice of Removal filed by Defendant, JLG

21   INDUSTRIES, INC., in the above-captioned court has issued its Order Setting Initial Case

22   Management Conference and ADR Deadlines together with other initial filing documents, true and

23   correct copies of which are attached hereto as Exhibit "A."

24   DATED: May 16, 2008.          **DRYDEN, MARGOLES, SCHIMANECK & WERTZ**

25

26                      By:    /s/ *Susan E. Foe*

27                         Susan E. Foe
                        Attorneys for Defendant
28                         JLG INDUSTRIES, INC.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ

505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

1

NOTICE OF ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE & SERVICE OF RELATED
DOCUMENTS ISSUED BY COURT

*USDC Action No. CV-08-2457-JCS*

EXHIBIT "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ABDALLA BAKER,

Plaintiff(s),

v.

JLG INDUSTRIES INC.,

Defendant(s).

No. C 08-02457 JCS

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 5/13/2008 | Notice of removal filed | |
| 8/1/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 8/15/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 8/22/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued
accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CIVIL STANDING ORDERS FOR MAGISTRATE JUDGE JOSEPH C. SPERO**
(Revised 3/21/8)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

**A.    STANDING ORDER RE CALENDAR AND CONFERENCES**

1.    Civil Law and Motion is heard on Fridays at 9:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.    Criminal Law and Motion is heard on Fridays at 10:30 a.m.

3.    Case Management Conferences and Pretrial Conference are heard on Fridays at 1:30 p.m. Case Management Conferences are no longer recorded unless requested by counsel or in cases where at least one party appears pro se. Requests to appear telephonically at case management conferences must be filed and served one (1) week before the conference in accordance with Civil L.R. 16-10(a).

4.    In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed before a U.S. Magistrate Judge and a Request for Reassignment to a United States District Judge forms will be mailed to all parties. The parties are requested, within two (2) weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

5.    Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez at (415) 522-3691.

6.    All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

7.    In all "E-Filing" cases, when filing papers that require the Court to take any action (i.e. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hold punch paper (including

1  all exhibits) by the close of the next court day following the day the papers are filed electronically.

2  **These printed copies shall be marked "JCS Chambers Copy" and shall be submitted to the**

3  **Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Joseph C.**

4  **Spero", and "E-filing Chambers Copy." Parties shall not file a paper copy of any document with**

5  **the Clerk's office that has already been filed electronically.**

6      8.    Any proposed stipulation or proposed order in a case subject to electronic filing shall be

7  sent by mail to jcspo@cand.uscourts.gov. This address is to be used only for proposed orders unless

8  otherwise directed by the Court.

9      **B.    STANDING ORDER ON DISCOVERY DISPUTES**

10     9.    In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial

11  counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s)

12  in an effort to resolve these matters.    After attempting other means to confer on the issue (i.e. letter,

13  phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice.    The

14  location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second

15  by counsel for Defendant, etc. Within five (5) business days of the lead trial counsels' meet-and-confer

16  session, the parties shall provide a detailed Joint Letter to the Court. This Joint Letter shall include a

17  description of every issue in dispute and, with respect to each such issue, a detailed summary of each

18  party's final substantive position and their final proposed compromise on each issue. Upon receipt of

19  the Joint Letter the Court will determine what future proceedings are necessary.

20     10.    As soon as a party has notice of this order, the party shall take such affirmative steps as

21  are necessary to preserve evidence related to the issues presented by the action, including, without

22  limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voice

23  mails, and other electronically recorded material to the extent necessary to preserve information relevant

24  to the issues presented by this action.

25     11.    In responding to requests for documents and materials under Fed. R. Civ. P. 34, all

26  parties shall affirmatively state in a written response served on all other parties the full extent to which

27  they will produce materials and shall, promptly after the production, confirm in writing that they have

28  produced *all* such materials so described that are locatable after a diligent search of *all* locations at

United States District Court
For the Northern District of California

which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.    In searching for responsive materials in connection with Fed. R. Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.    To the maximum extent feasible, all party files and record should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

14.    Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

15.    Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civl P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication. (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

## DEPOSITIONS

16.    Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel form the deponent must reply and counter-propose in writing an

3

United States District Court
For the Northern District of California

1  alternative date and place falling within thirty (30) days of the date noticed by the party seeking the

2  deposition.

3         17.      Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections

4  must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed,

5  the witness should nevertheless answer questions relevant to the existence, extent or waiver of the

6  privilege, such as the date of a communication, who made the statement, to whom and in whose

7  presence the statement was made, other persons to whom the contents of the statement have been

8  disclosed, and the general subject matter of the statement, unless such information is itself privileged.

9  Private conferences between deponents and attorneys in the course of interrogation, including a line of

10  related questions, are improper and prohibited except for the sole purpose of determining whether a

11  privilege should be asserted.

12  **C.     STANDING ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

13        18.      Motions for summary judgment shall be accompanied by a joint statement of the material

14  facts not in dispute by citations to admissible evidence. The parties shall file a joint statement of

15  undisputed facts. If the parties are unable to reach complete agreement after meeting and conferring,

16  they shall file a joint statement of the undisputed facts about which they do agree. Separate statements

17  of undisputed facts shall not be filed and will not be considered by the Court.

18  **D.     SANCTIONS**

19        19.      Failure to comply with this Order of the Local Rules of this Court may result in

20  sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

21

22  Dated: April 21, 2008

23

24  JOSEPH C. SPERO
     United States Magistrate Judge

25

26

27

28

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No.   C    JCS

Plaintiff(s),

v.

**STANDING ORDER RE: CASE
MANAGEMENT CONFERENCE**

Defendant(s).

_____/

**Lead trial counsel** who will try this case are directed to confer in advance of the Case Management Conference with respect to all matters contained in the **March 1, 2007 Standing Order for all Judges of the Northern District of California** regarding Contents of the Joint Case Management Conference, including a **discovery plan and discovery limits** and all other matters described in Fed. R. Civ. P. 16(c), and 26(f) and Civil L.R. 16-10.  Not less than seven (7) days before the conference, counsel shall file a Joint Case Management Conference Statement in compliance with Local Rule 16-9.   If one or more of the parties is not represented by counsel (*a party appearing pro se)*, the parties may file separate case management conference statements. Pursuant to Civil L.R. 16-10(a) each party shall be represented at the Case Management Conference by lead trial counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed. R. Civ. P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

1     Failure to comply with this Order, the provisions of the Federal Rules of Civil Procedure 16

2 and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (*See* Fed. R. Civ. P.

3 16(f), Civil L.R. 1-4.

4

5 Dated:  April 21, 2008

6                                                                                              
                                         JOSEPH C. SPERO
7                                        United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


# NOTICE OF RULE DISCONTINUING SERVICE BY MAIL

This is an E-filing case.  Pursuant to Local Rule, the Court will no longer serve any counsel by mail.  If counsel wish to be served with documents generated by the Court, they must register for E-filing pursuant to Local Rule 5-4 and General Order 45.

IT IS SO ORDERED.


Dated: May 30, 2003

_____
JOSEPH C. SPERO
United States Magistrate Judge

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ABDALLA BAKER,

                    Plaintiff (s),

        v.

JLG INDUSTRIES INC.,
                    Defendant(s).

No. **C 08-02457 JCS**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order  , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 5/13/2008 | Notice of removal filed | |
| 8/1/2008 | *Last day to: <br> • meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 8/15/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1) <br> Civil _L.R . 16-9 |
| 8/22/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Ctrm A, 15th Floor, SF at 1:30 PM | Civil _L.R.  16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

2

3

**CIVIL STANDING ORDERS FOR MAGISTRATE JUDGE JOSEPH C. SPERO**
(Revised 3/21/8)

4

5     The parties shall follow the General Orders of the Court for the Northern District of California,
the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure
6     to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions,
dismissal, entry of default judgment, or other appropriate sanctions.

7

8     **A.     STANDING ORDER RE CALENDAR AND CONFERENCES**

9     1.     Civil Law and Motion is heard on Fridays at 9:30 a.m. Counsel need not reserve a

10    hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar

11    requires.

12    2.     Criminal Law and Motion is heard on Fridays at 10:30 a.m.

13    3.     Case Management Conferences and Pretrial Conference are heard on Fridays at 1:30 p.m.

14    Case Management Conferences are no longer recorded unless requested by counsel or in cases where

15    at least one party appears pro se.   Requests to appear telephonically at case management conferences

16    must be filed and served one (1) week before the conference in accordance with Civil L.R. 16-10(a).

17    4.     In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed

18    before a U.S. Magistrate Judge and a Declination to Proceed before a U.S. Magistrate Judge and a

19    Request for Reassignment to a United States District Judge forms will be mailed to all parties.  The

20    parties are requested, within two (2) weeks from receipt of the form, to complete and file the form

21    indicating their consent or request for reassignment to a District Judge.

22    5.     Parties with questions regarding scheduling of settlement conferences should contact

23    Judge Spero's secretary, Mary Ann Macudzinski-Gomez at (415) 522-3691.

24    6.     All other scheduling questions should be addressed to Judge Spero's courtroom deputy,

25    Karen Hom, at (415) 522-2035.

26    7.     In all "E-Filing" cases, when filing papers that require the Court to take any action (i.e.

27    motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers

28    electronically, lodge with chambers a printed copy of the papers on three-hold punch paper (including

1   all exhibits) by the close of the next court day following the day the papers are filed electronically.

2   **These printed copies shall be marked "JCS Chambers Copy" and shall be submitted to the**

3   **Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Joseph C.**

4   **Spero", and "E-filing Chambers Copy." Parties shall not file a paper copy of any document with**

5   **the Clerk's office that has already been filed electronically.**

6       8.      Any proposed stipulation or proposed order in a case subject to electronic filing shall be

7   sent by mail to jcspo@cand.uscourts.gov.  This address is to be used only for proposed orders unless

8   otherwise directed by the Court.

9       **B.      STANDING ORDER ON DISCOVERY DISPUTES**

10      9.      In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial

11  counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s)

12  in an effort to resolve these matters.   After attempting other means to confer on the issue (i.e. letter,

13  phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice.  The

14  location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second

15  by counsel for Defendant, etc.  Within five (5) business days of the lead trial counsels' meet-and-confer

16  session, the parties shall provide a detailed Joint Letter to the Court.  This Joint Letter shall include a

17  description of every issue in dispute and, with respect to each such issue, a detailed summary of each

18  party's final substantive position and their final proposed compromise on each issue.  Upon receipt of

19  the Joint Letter the Court will determine what future proceedings are necessary.

20      10.     As soon as a party has notice of this order, the party shall take such affirmative steps as

21  are necessary to preserve evidence related to the issues presented by the action, including, without

22  limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voice

23  mails, and other electronically recorded material to the extent necessary to preserve information relevant

24  to the issues presented by this action.

25      11.     In responding to requests for documents and materials under Fed. R. Civ. P. 34, all

26  parties shall affirmatively state in a written response served on all other parties the full extent to which

27  they will produce materials and shall, promptly after the production, confirm in writing that they have

28  produced *all* such materials so described that are locatable after a diligent search of *all* locations at

**United States District Court**

For the Northern District of California

1  which such materials might plausibly exist. It shall not be sufficient to object and/or to state that

2  "responsive" materials will be or have been produced.

3      12.    In searching for responsive materials in connection with Fed. R. Civ. P. 34 requests or

4  for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized

5  files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and

6  sources if materials of the type to be produced might plausibly be expected to be found there.

7      13.    To the maximum extent feasible, all party files and record should be retained and

8  produced in their original form and sequence, including file folders, and the originals should remain

9  available for inspection by any counsel on reasonable notice.

10     14.    Except for good cause, no item will be received in evidence if the proponent failed to

11  produce it in the face of a reasonable and proper discovery request covering the item, regardless of

12  whether a motion to overrule any objection thereto was made.

13     15.    Privilege logs shall be promptly provided and must be sufficiently detailed and

14  informative to justify the privilege. *See* Fed. R. Civl P. 26(b)(5). No generalized claims of privilege

15  or work product protection shall be permitted. With respect to each communication for which a claim

16  of privilege or work product is made, the asserting party must at the time of its assertion identify: (a)

17  all persons making and receiving the privileged or protected communication. (b) the steps taken to

18  ensure the confidentiality of the communication, including affirmation that no unauthorized persons

19  have received the communication, (c) the date of the communication, and (d) the subject matter of the

20  communication. Failure to furnish this information at the time of the assertion will be deemed a waiver

21  of the privilege or protection.

**DEPOSITIONS**

23     16.    Absent extraordinary circumstances, counsel shall consult in advance with opposing

24  counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times

25  and places. Where an agreement cannot be reached as to any party deponent or a deponent represented

26  by counsel of record, the following procedure may be invoked by the party seeking any such deposition.

27  The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date

28  and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt

of the notice, the deponent or counsel form the deponent must reply and counter-propose in writing an

**United States District Court**
For the Northern District of California

1  alternative date and place falling within thirty (30) days of the date noticed by the party seeking the

2  deposition.

3         17.     Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections

4  must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed,

5  the witness should nevertheless answer questions relevant to the existence, extent or waiver of the

6  privilege, such as the date of a communication, who made the statement, to whom and in whose

7  presence the statement was made, other persons to whom the contents of the statement have been

8  disclosed, and the general subject matter of the statement, unless such information is itself privileged.

9  Private conferences between deponents and attorneys in the course of interrogation, including a line of

10  related questions, are improper and prohibited except for the sole purpose of determining whether a

11  privilege should be asserted.

12      **C.**    **STANDING ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

13         18.     Motions for summary judgment shall be accompanied by a joint statement of the material

14  facts not in dispute by citations to admissible evidence. The parties shall file a joint statement of

15  undisputed facts. If the parties are unable to reach complete agreement after meeting and conferring,

16  they shall file a joint statement of the undisputed facts about which they do agree. Separate statements

17  of undisputed facts shall not be filed and will not be considered by the Court.

18      **D.**    **SANCTIONS**

19         19.     Failure to comply with this Order of the Local Rules of this Court may result in

20  sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

21

22  Dated: April 21, 2008

23

24                       JOSEPH C. SPERO
                     United States Magistrate Judge

25

26

27

28

4

**United States District Court**
For the Northern District of California

1

2

3

4      UNITED STATES DISTRICT COURT

5      NORTHERN DISTRICT OF CALIFORNIA

6                                                    Case No.   C      JCS

7      Plaintiff(s),

8      v.                                            **STANDING ORDER RE: CASE**
                                                     **MANAGEMENT CONFERENCE**
9

10     Defendant(s).

11     _____/

12

13          **Lead trial counsel** who will try this case are directed to confer in advance of the Case

14     Management Conference with respect to all matters contained in the **March 1, 2007 Standing**

15     **Order for all Judges of the Northern District of California** regarding Contents of the Joint Case

16     Management Conference, including a **discovery plan and discovery limits** and all other matters

17     described in Fed. R. Civ. P. 16(c), and 26(f) and Civil L.R. 16-10.  Not less than seven (7) days

18     before the conference, counsel shall file a Joint Case Management Conference Statement in

19     compliance with Local Rule 16-9.   If one or more of the parties is not represented by counsel (*a*

20     *party appearing pro se)*, the parties may file separate case management conference statements.

21     Pursuant to Civil L.R. 16-10(a) each party shall be represented at the Case Management Conference

22     by lead trial counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this

23     Order, and with authority to enter stipulations and make admissions pursuant to this Order.

24          Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all

25     parties to this action, and on any parties subsequently joined, in accordance with the provisions of

26     Fed. R. Civ. P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk

27     of this Court.

28

Revised 4/22/8

1    Failure to comply with this Order, the provisions of the Federal Rules of Civil Procedure 16

2    and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (*See* Fed. R. Civ. P.

3    16(f), Civil L.R. 1-4.

4

5    Dated:  April 21, 2008

6    _____
     JOSEPH C. SPERO

7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF RULE DISCONTINUING SERVICE BY MAIL

This is an E-filing case.  Pursuant to Local Rule, the Court will no longer serve any counsel by mail.  If counsel wish to be served with documents generated by the Court, they must register for E-filing pursuant to Local Rule 5-4 and General Order 45.

IT IS SO ORDERED.

Dated: May 30, 2003

JOSEPH C. SPERO
United States Magistrate Judge

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
# OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
# 415.522.2000
### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted.  We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10. Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11. There are no filing fees once a case has been opened.

12. New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the <u>complaint</u>. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13. Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14. Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15. A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by <u>**1:00 pm**</u> Under no circumstances are files to be removed from the viewing room.

16. The Clerk's Office can only accept payment by <u>**exact change or check**</u> made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17. Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18. We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| | | | |
|---|---|---|---|
| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### DROP BOX FILING PROCEDURES

1.     The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays.  Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.     The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days.  All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.     Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**.  Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public.  The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday.  In those instances, the "Filed" date will be the first court day following the weekend or holiday.  Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.     After stamping each original and enclosing one copy for the court,*  the documents must be placed in an orange court mailing pouch or red Expando folder  provided for your convenience.  *To facilitate processing of your documents, each original document should be submitted on top of its copies.*  Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.**  You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.     If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized,  self-addressed, stamped envelope with adequate return postage.  Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY:   (NAME, FIRM) **."  Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.     A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount.  *Please do not enclose cash.*

7.     Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate.  Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
# TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

## JOSEPH C. SPERO

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

v.

Defendant(s).

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

_____
Signature

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

v.

DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE

Defendant(s).
_____/

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____         Signature_____

                                     Counsel for _____
                                     (Plaintiff, Defendant, or indicate "pro se")



E-filing    CV 08    2457    JCS

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45.  This means that you **must** (check off the boxes ☑ when done):

☐  **1)  Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐  **2)  Register** to become an efiler by filling out the efiler application form.  Follow ALL the instructions on the form carefully.  If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐  **3)  Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below.  You do not need to wait for your registration to be completed to email the court.

☐  **4)  Access** dockets and documents using **PACER** (Public Access to Court Electronic Records).  If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free.  If you need to establish or check on an account, visit:  **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically.  Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website:  **http://ecf.cand.uscourts.gov**

### Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the underline subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

### Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

*Baker, Abdalla vs. JLG Industries, Inc., et al.*
*USDC, Northern District of California, Action No. CV-08-2457-JCS*

## PROOF OF SERVICE

The undersigned declares: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs.  My business address is 505 Sansome Street, Sixth Floor, San Francisco, California 94111.  On the date shown below I served the following document:

•    **NOTICE OF ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE & SERVICE OF RELATED DOCUMENTS ISSUED BY COURT;**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

| | ATTORNEY FOR: | ATTORNEY: | MANNER OF SERVICE: |
|---|---|---|---|
| **1)** | ***Attorneys for Plaintiffs*** | Cory A. Birnberg, Esq. Birnberg & Associates 703 Market Street, Suite 600 San Francisco, California  94103 PHONE:(415) 398-1040 FAX:(415) 398-2001 E-MAIL:birnberg@birnberg.com | *VIA MAIL* |

**_X_    MAIL:** I placed a true and correct copy thereof in a sealed envelope and caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated.  I am readily familiar with the business' practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

**_X_    (FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**_X_    (STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ***May 16, 2008***, at San Francisco, California.

/s/ *Linda Benson*

(original signature retained by attorney Susan E. Foe)

**Linda Benson**

DRYDEN, MARGOLES, SCHIMANECK & WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

2