BIRNBERG & ASSOCIATES
Cory A. Birnberg (SBN 105468)
Samantha Williams (SBN 251344)
703 Market Street, Suite 600
San Francisco, CA 94103
Tel: (415) 398-1040
Fax: (415) 398-2001
**Attorneys for Plaintiff ABDALLA BAKER**

Frank E. Schimaneck, Esq. (SBN 73912)
Susan E. Foe, Esq. (SBN 148730)
DRYDEN, MARGOLES, SCHIMANECK & WERTZ
A Law Corporation
505 Sansome Street, Sixth Floor
San Francisco, California 94111
Tel: (415) 362-6715
Fax: (415) 362-0638
Email: feschimaneck@drydenlaw.com; sefoe@drydenlaw.com
**Attorneys for Defendant JLG INDUSTRIES, INC.**

Jack B. McCowan, Jr. (SBN 062056)
Melissa M. Fairbrother (SBN 149787)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 986-58900
Fax: (415) 986-8054
**Attorneys for Defendant ROBERT BOSCH TOOL CORPORATION**

# UNITED STATE DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (San Francisco Division)

| | |
|---|---|
| **ABDALLA BAKER,** | USDC Action No. C-08-2457-JCS |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT [FRCP 26(f)]** |
| v. | |
| **JLG INDUSTRIES, INC.; ROBERT BOSCH TOOL CORPORATION; SKIL; and DOES 1 TO 20,** | Date: August 22, 2008<br>Time: 1:30 p.m.<br>Place: Courtroom A, 15th Floor |
| **Defendants.** | Judge: Magistrate Judge Joseph C. Spero |

Plaintiff ABDALLA BAKER ["Plaintiff"] and Defendants JLG INDUSTRIES, INC. and ROBERT BOSCH TOOL CORPORATION ["Defendants"] hereby submit this FRCP Rule 26(f) Joint Case Management Statement in the above-captioned case.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
[FRCP 26(f)]

USDC Action No. C-08-2457-JCS

1. **Jurisdiction and Service:** The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

Defendant JLG Industries, Inc. removed this action to the United States District Court for the Northern District of California on May 13, 2008, pursuant to jurisdiction under 28 U.S.C. §1441(b) (diversity and amount in controversy exceeding $75,000). Personal jurisdiction or venue is not contested. The parties do not anticipate joining any other parties.

2. **Facts:** A brief chronology of the facts and a statement of the principal factual issues in dispute.

Plaintiff alleges the following. Defendants have no knowledge of the happening of the accident, and do not concede any of the alleged facts.

On April 7, 2006, Plaintiff was working for employer RGW Construction, Inc. at 3700 Mandela Parkway, Oakland, California. Throughout the day, Plaintiff had been instructed to cut 4x6 wooden blocks, and he had made approximately 100 cuts so far that day. At or around 3:00 p.m., Plaintiff's employer instructed him to go into the man lift at the job site, which was manufactured by Defendant JLG Industries, Inc. and start cutting the blocks in the lift, using a Skil saw plugged into the power source attached to the man lift. The Skil saw was manufactured by Defendant Robert Bosch Tool Corporation. Plaintiff proceeded to get into the man lift, and he thereafter began preparing the man lift for cutting. Plaintiff stacked several 4x6 blocks on one side of the platform up against one of the railings of the man lift, and made sure that the blocks were secure. Before using the Skil saw, Plaintiff inspected the saw, and found no cuts on the cord, and found that the safety guards were in place. Plaintiff began to cut, moving the saw away from his body, toward the edge of the man lift. When Plaintiff was approximately 2/3 of the way through the first block, the power source to the Skil saw turned off completely and immediately came back on again, causing the Skil saw to kick back, and thereby pushing the saw backwards and into Plaintiff's left leg. The Skil saw cut through Plaintiff's left calf muscle, cutting an artery, and into the bone of his left calf.

///

DRYDEN, MARGOLES, SCHIMANECK & WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111
(415) 362-6715

2

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
[FRCP 26(f)]

*USDC Action No. C-08-2457-JCS*

Plaintiff alleges that he was operating a man lift manufactured by Defendant JLG Industries, Inc., but Defendant has no information regarding the make or model of the man lift he was allegedly operating.

The principal factual issues are:

    A.    How plaintiff's injury occurred;

    B.    Whether plaintiff's alleged injuries were caused by a manufacturing defect in the Skil saw, or by a defect in the power source on the man lift allegedly manufactured by JLG Industries, Inc.;

    C.    Whether the alleged defects in the subject equipment existed at the time of manufacture and sale;

    D.    Whether appropriate warnings were provided by JLG Industries, Inc. at the time of manufacture, regarding the use of the power source on the man lift allegedly manufactured by JLG Industries, Inc.;

    E.    Whether appropriate warnings were given by Bosch regarding use of the Skil saw;

    G.    Whether the subject equipment was modified by plaintiff or others;

    H.    Whether Plaintiff misused the equipment;

    I.    Whether Plaintiff acted reasonably to avoid the accident or reduce damages;

    J.    Whether any other person or entity caused or contributed to Plaintiff's accident; and,

    K.    The nature and extent of Plaintiff's alleged injuries and damages resulting from his alleged accident.

**3.** **Legal Issues:** A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

/ / /

/ / /

/ / /

/ / /

DRYDEN, MARGOLES, SCHIMANECK & WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111
(415) 362-6715

3

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
[FRCP 26(f)]

USDC Action No. C-08-2457-JCS

The principal disputed legal issues are:

    A.    Whether the subject equipment was defective at the time of manufacture and sale;

    B.    Whether the consumer expectation or risk benefit tests will be utilized in analysis;

    C.    Whether the subject equipment was misused by Plaintiff or by others'

    D.    Whether the subject equipment caused or contributed to the accident;

    E.    Whether Plaintiff or others caused or contributed to the accident;

    F.    Whether the accident caused or contributed to Plaintiff's claimed damages; and,

    G.    The admissibility of the Cal-OSHA findings.

**4.** **Motions:** All prior and pending motions, their current status, and any anticipated motions.

Plaintiff has no pending motions. Defendants may bring motions for summary judgment and/or motions in limine once discovery has been completed.

**5.** **Amendment of Pleadings:** The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

None expected at this time.

**6.** **Evidence Preservation:** Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

The parties have yet to exchange documents.

Bosch has made a demand on plaintiff to preserve and maintain the subject saw. Plaintiff has advised that he does not have possession of the saw.

JLG Industries, Inc. has no information regarding the make or model of the subject man lift, and is unaware of its location. To the extent that the subject man lift is no longer in the same condition that it was at the time of the accident, JLG Industries, Inc.'s would raise the appropriate defenses and/or motions in limine.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

4

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
[FRCP 26(f)]

*USDC Action No. C-08-2457-JCS*

**7.     Disclosures:**  Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

The parties have yet to serve their initial disclosures.

**8.     Discovery:**  Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

The parties have yet to conduct discovery in this matter.

Plaintiff intends to notice the depositions of Plaintiff's working partner on the day of his injury, as well as the journeyman on the job that day, and Plaintiff's work supervisor at the time. Plaintiff intends to notice the depositions of persons most knowledgeable from JLG Industries and from Robert Bosch Tool Corporation.

Defendants intend to notice the depositions of plaintiff, plaintiff's co-workers, plaintiff's supervisor, and plaintiff's treating physicians.  Defendants will serve Plaintiff with written discovery.

Defendant JLG Industries, Inc. has subpenaed records from RGW Construction regarding its rental of man lifts from Hertz Corporation; the records have not yet been received.

Defendants will request inspections of the subject equipment.

**9.     Class Actions:**  If a class action, a proposal for how and when the class will be certified.

Not applicable.

**10.     Related Cases:**  Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

Not applicable.

**11.     Relief:**  All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

Plaintiff seeks general and special damages as a result of his alleged personal injuries.

///

DRYDEN, MARGOLES, SCHIMANECK & WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111
(415) 362-6715

5

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
[FRCP 26(f)]

*USDC Action No. C-08-2457-JCS*

**12.   Settlement and ADR:** Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

No settlement or ADR efforts have been made to date.  Both Plaintiff and Defendants agree to mediation.

**13.   Consent to Magistrate Judge For All Purposes:** Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

Both Plaintiff and Defendants so consent.

**14.   Other References:** Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

No.

**15.   Narrowing of Issues:** Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

Possibly after discovery commences.

**16.   Expedited Schedule:** Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

No.

**17.   Scheduling:** Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

Plaintiff proposes deadlines pursuant to FRCP.

Defendants propose the following deadlines:

- **Designation of experts for the party seeking affirmative relief:** 100 days prior to trial.
- **Rebuttal experts:** 80 days before trial.
- **Discovery cut-off:** 60 days before trial.
- **Dispositive motions heard:** 60 days before trial.
- **Trial:** October, 2009.

///

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

6

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
[FRCP 26(f)]

*USDC Action No. C-08-2457-JCS*

**18.** **Trial:** Whether the case will be tried to a jury or to the court and the expected length of the trial.

Plaintiff and Defendants have demanded a jury trial. Plaintiffs expect the trial to last 5-7 days. Defendants anticipate that the trial will be 7 court days.

**19.** **Disclosure of Non-Party Interested Entities or Persons:** Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendant JLG Industries, Inc. filed its Disclosure of Non-Party Interested Entities or Persons on May 23, 2008, and restates:

- JLG Industries, Inc., a Pennsylvania corporation
- Oshkosh Truck Corporation, a Wisconsin corporation

Defendants Robert Bosch Tool Corporation filed their Non-Party Interested Entities or Persons on August 12, 2008, and restates:

- Robert Bosch Tool Corporation

**20.** **Other Unresolved Issues:** (service of process, personal/subject matter jurisdiction, venue)

Not at this time.

**21.** **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

Plaintiff and Defendants believe that no appearance is necessary for the upcoming status conference, and that it should be continued to a date in October. There are no pending discovery disputes, and counsel for Plaintiff and Defendants intend to serve initial disclosures and subpoena documents from CAL-OSHA as soon as possible.

/ / /

**DRYDEN,**
**MARGOLES,**
**SCHIMANECK**
**& WERTZ**
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

7

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
[FRCP 26(f)]

*USDC Action No. C-08-2457-JCS*

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled, "Dispute Resolution Procedures in the Northern District of California," discussed the available resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

**F.R.C.P. RULE 26(f) REPORT**

The parties have conferred according to Rule 26(f) and the agreed upon plan is outlined above.

DATED: August 15, 2008        **BIRNBERG & ASSOCIATES**

By: /s/ *Cory A. Birnberg*
_____
Cory A. Birnberg
Samantha Williams
Attorneys for Plaintiff

DATED: August 15, 2008        **DRYDEN, MARGOLES, SCHIMANECK & WERTZ**

By: /s/ *Susan E. Foe*
_____
Susan E. Foe
Attorneys for Defendant
JLG INDUSTRIES, INC.

DATED: August 15, 2008        **GORDON & REES**

By: /s/ *Jack B. McCowan*
_____
Jack B. McCowan, Jr.
Melissa Fairbrother
Attorneys for Defendant
ROBERT BOSCH TOOL CORPORATION

**DRYDEN, MARGOLES, SCHIMANECK & WERTZ**
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111
(415) 362-6715

8

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
[FRCP 26(f)]

*USDC Action No. C-08-2457-JCS*